# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00144-FDW-DSC

| | |
|---|---|
| SIOBHAN HANNA, <br><br> **Plaintiff,** <br><br> v. <br><br> SILENCIO GLOBAL INC. <br> RAY SIMPSON FARRIS III, <br><br> **Defendants.** | **ORDER** |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment. (Doc. No. 25). Defendants filed a response in opposition, (Doc. No. 28), to which Plaintiff replied. (Doc. No. 29). The motion is now ripe for review. For the reasons stated herein, the motion is DENIED.

Plaintiff filed this suit against Defendants asserting several causes of action arising out of her personal and professional relationship with Defendants, including securities fraud, constructive fraud, breach of fiduciary duty, breach of contract, and unjust enrichment. (Doc. No. 1). Plaintiff has moved for summary judgment on all claims.

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party." Blue Ridge Pub. Safety, Inc. v. Ashe, 712 F. Supp. 2d 440, 446 (W.D.N.C. 2010). For purposes of summary judgment, the Court views the pleaded facts in the light most favorable to the nonmovant. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). Additionally, "it is noted that 'summary judgment is not appropriate when there are conflicting versions of the events giving rise to the action, or when there is no

conflict about the events that occurred, but the legal significance of those events is determined by a reasonable person test.'" Ashe, 712 F. Supp. 2d at 446 (quoting Griffith v. Glen Wood Co., Inc., 646 S.E.2d 550, 554 (2007)). Summary judgment "is also inappropriate 'when issues such as motive, intent, and other subjective feelings and reactions are material, when the evidence presented is subject to conflicting interpretations, or where reasonable [persons] might differ as to the significance of any particular piece of evidence.'" Ashe, 712 F. Supp. 2d at 446 (quoting Gregorino v. Charlotte–Mecklenburg Hosp. Auth., 468 S.E.2d 432, 433 (1996)).

Plaintiff's Motion for Summary Judgment implicates several factual issues concerning subjective feelings and reactions that are not appropriately resolved at the summary judgment stage. Moreover, Defendants have raised several credible affirmative defenses to all claims, none of which were addressed by Plaintiff in her reply. The Court also notes Plaintiff asserted entitlement to a damages award of $250,000 in her initial motion for summary judgment and then asserted entitlement to an award of $800,000 in her reply; it appears that, at minimum, one essential element on Plaintiff's claims is disputed. Compare (Doc. No. 26, p. 16) with (Doc. No. 29, p. 8). Ultimately, the record makes clear that disputes of material facts exist, and summary judgment is accordingly not appropriate for any of Plaintiff's claims.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 25) is DENIED. The parties are advised that the Court presumes trial in this matter, scheduled for the March 2021 trial term, will proceed as scheduled. The parties' joint pretrial submissions, as required under this Court's Standing Order, shall by due by February 1, 2021. A pretrial conference will be set closer to trial.

IT IS SO ORDERED.   Signed: December 17, 2020

Frank D. Whitney
United States District Judge